UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LATCHMIE NARAYAN
TOOLASPRASHAD,

                          Petitioner,

    -against-                                    9:10-CV-1050 (LEK/DRH)

DEBORAH G. SCHULT,

                          Respondent.

_____

**DECISION and ORDER**

**I. INTRODUCTION**

        On June 27, 2011, Petitioner Latchmie Narayan Toolasprashad ("Petitioner" or "Toolasprashad") filed before the Court a Letter Request to withdraw his *pro se* Petition for habeas corpus (Dkt. No. 1) ("Petition"). Dkt. No. 47 ("Request"). Respondent Schult ("Respondent") filed a Response on June 28, 2011, indicating "no objection to dismissal of this case with prejudice." Dkt. No. 48 ("Request") (emphasis in original). Petitioner then submitted a Reply (Dkt. No. 49) ("Reply") on July 5, 2011, stating that he seeks dismissal without prejudice, and an additional submission in support thereof on July 21, 2011. Dkt. No. 50 ("Supplemental Submission"). Also before the Court is a Report-Recommendation filed on April 7, 2011, by the Honorable David R. Homer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 14). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Petitioner, which were filed on April 25, 2011, and May 2, 2011. Objections (Dkt. Nos. 34 and 37).

**II. DISCUSSION**

The Court construes Petitioner's Request as a motion filed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides that "an action may be dismissed at the plaintiff's request only by court order." FED. R. CIV. P. 41(a)(2). Rule 41(a)(2) also provides that unless stated otherwise, an order dismissing an action under this Rule will constitute a dismissal without prejudice. Id.; see also Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

The Court notes that the Report-Recommendation, when issued, correctly determined that at that time it lacked jurisdiction over Petitioner's challenge to the detainer filed against him. See Report-Rec. at 8-9. Since the Report-Recommendation's issuance, however, the Court has been advised that Petitioner has completed his sentence with the Bureau of Prisons ("BOP") and is now in the custody of Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility in Batavia, New York. Deportation Officer Timothy P. Gunther Decl. (Dkt. No 42-1). While Petitioner did not raise this point in his Objections or Supplemental Objections,[1] the Court finds that this development has provided the Court with jurisdiction over his habeas claims. Thompson v. Immigration & Naturalization Serv., 941 F. Supp. 30, 31 (W.D.N.Y. 1996) (noting that when defendant "has served his present term of confinement and is then placed in the custody of INS, he will be able to challenge the detainer by way of a habeas corpus proceeding.").

Nonetheless, a habeas petition is required to include, *inter alia*, the name of the individual who has custody over the petitioner. 28 U.S.C. § 2242. Due to Petitioner's transfer to a federal detention facility, Respondent Schult, the only named Respondent in this action, no longer has

---

[1] While still incarcerated in a New York state facility, Petitioner did advise the Court on May 6, 2011, that he was scheduled to be transferred to another facility on May 13, 2011, but that he did know which facility that would be. Dkt. No. 38. On May 23, 2011, he notified the Court of his change of address to the Buffalo Detention Center. Dkt. No. 41.

custody over Petitioner. Toolasprashad's Petition must therefore be dismissed, but he will be given leave to submit an amended habeas corpus petition naming the appropriate respondent who currently has custody over Petitioner in accordance with 28 U.S.C. § 2242. The Court considers that doing so will not substantially prejudice Defendant, particularly in light of the fact that Toolasprashad must amend his Petition to name another respondent should he choose to resume his action in the future. See A.V. by Versace, Inc. v. Gianni Versace S.p.A., 261 F.R.D. 29, 31 (S.D.N.Y. 2009) ("[T]he presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result.") (citation and quotation omitted). Accordingly, the Court grants Petitioner's Rule 41(a)(2) request with respect to his challenge to his detainer.

Turning to the remainder of Petitioner's claims, the Court notes that Respondent has not provided any showing that she will suffer prejudice if the Court grants Petitioner's Request, stating only that "respondent has no objection to dismissal of this case with prejudice." Def.'s Resp. at 1. However, the Court must also weigh several factors in determining whether granting a Rule 41(a)(2) motion is appropriate here: (1) Petitioner's diligence in bringing the motion; (2) any "undue vexatiousness" on Petitioner's part; (3) the extent to which the suit has progressed, including the effort and expense on the part of Respondent; (4) the duplicative expense of relitigation; and (5) the adequacy of Petitioner's explanation for the need to dismiss the case without prejudice. Zagano, 900 F.2d at 14.

Turning to the first factor (the diligence of Petitioner in bringing this Motion), the Court notes that "[i]n order for the plaintiff's delay to militate against a grant of dismissal, the [defendants] must show that [they] expended resources or otherwise detrimentally relied on a

3

reasonable expectation that the plaintiff would pursue its remaining claims." Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc., No. 01 Civ. 9649, 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006).  At this stage of the litigation, Respondent has not had to expend resources in discovery or trial preparation, in light of the Court's pending review of the Report-Recommendation and Petitioner's repeated requests for stays.  See Dkt. Nos. 38 and 44.  Nor has Respondent claimed in her Response that she has suffered any prejudice because of any delay on Toolasprashad's part.  See Def.'s Resp.  The first factor therefore does not indicate any prejudice to Respondent that would warrant a dismissal with prejudice.  See Versace, 261 F.R.D. at 32; cf. Pacific Elec. Wire & Cable Co. v. Set Top Int'l, Inc., No. 03 Civ. 9623, 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005) (finding prejudice to defendant where plaintiff had assured court of intent to pursue claim before requesting dismissal, during which interim the defendant had engaged in additional discovery and trial preparation).

As to the second factor, the Court does find an element of vexatiousness in Petitioner's bringing this Request at this juncture.  "In determining whether a party was unduly vexatious in pursuing its claim, courts consider whether the party had ill-motive."  Shaw Family Archives, Inc., v. CMG Worldwide, Inc., No. 05 CV 3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008) (citation and quotation omitted).  "[C]ourts find ill-motive where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal."  Id.  On June 2, 2011, Petitioner sought a stay of the proceedings, or, alternatively, dismissal without prejudice; the Court granted the stay, from which Respondent could plausibly infer that Petitioner would proceed with prosecuting his claims.  See Dkt. No. 44 ("Motion for Stay or Dismissal").  Moreover, this Request arrived before the Court approximately two months after Petitioner filed

multiple Objections to Judge Homer's Report-Recommendation. That Petitioner filed these Objections would also support an inference that he intended to pursue his claims. At the same time, there is no further concrete evidence of any ill motive on Petitioner's part, and, particularly in light of his *pro se* status, his conduct has not been so vexatious that it would significantly weigh in favor of a dismissal with prejudice here. See Jewelers Vigilance Comm., Inc. v. Vitale, Inc., No. 90 Civ. 1476, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) (while disapproving of plaintiff's litigation tactics, "absent concrete evidence of any ill-motive on Plaintiff's part, the Court declines to label Plaintiff's conduct 'vexatious.'"); cf. Pacific Elec., 2005 WL 578916, at *5 (finding vexatious conduct where plaintiffs "assured the Court, in no uncertain terms, that this case would continue" and "unilaterally and abruptly" canceled multiple depositions). To the extent that this factor does weigh against dismissing Petitioner's claims without prejudice, it does so only slightly.

The third factor (the extent to which the suit has progressed) weighs more heavily against dismissal without prejudice. Petitioner filed this Request nearly three months after Judge Homer issued his Report-Recommendation. Although this case has not yet proceeded to discovery and trial, it has lasted for nearly a year; in addition to responding to multiple other Motions from Petitioner, Respondent submitted a Motion to Dismiss in response to Petitioner's claims, and there is a Report-Recommendation pending that recommends the Court grant their Motion. Cf. Versace, 261 F.R.D. at 32 (finding dismissal without prejudice warranted where there had been only "minimal activity" in the case over the past year). To dismiss the case without prejudice in light of Judge Homer's Report-Recommendation would unduly prejudice Respondent at this point.

Turning to the fourth factor, the Court briefly notes that the risk of duplicative expense to Respondent would not be present here, in light of the Court's finding above that Toolasprashad

5

must amend his Petition to name a different Respondent if he wishes to pursue his claims. Accordingly, this factor weighs in favor of dismissal without prejudice.

Finally, Petitioner's explanation for why the case should be dismissed without prejudice is inadequate. Petitioner's Request is almost entirely a reiteration of arguments that have previously been entertained by both Judge Homer and the Court, in addition to criticisms of United States immigration law and its application as to him. See Request at 1-3. Petitioner also briefly reiterates arguments, which he previously raised in his Motion seeking appointment of counsel, that he has received inadequate access to legal materials. Id. at 3; see also Motion to appoint counsel (Dkt No. 5). The Court addressed these arguments in its October 6, 2010 Order denying Petitioner's Motion; his present Request thus offers no new information that warrants dismissal of his case without prejudice. See Dkt. No. 8. Moreover, given that Judge Homer recommended dismissal of Petitioner's claims, Petitioner's attempt to now have the case dismissed without prejudice suggests a motive to avoid being bound by an adverse decision. However, "a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice." Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) (citing Zagano, 900 F.2d at 14). Weighing these reasons along with the other factors above, the Court concludes that denial of Petitioner's Request is appropriate with respect to the claims other than his challenge to his detainer.[2]

---

[2] In his Motion for Stay or Dismissal, Petitioner stated that he wished to obtain a stay in order to secure counsel in this matter. Motion for Stay or Dismissal 1, 3. The Court granted Petitioner a stay until June 23, 2011, by which date he was required to file a status update with the Court. Petitioner failed to file any status update in compliance with that Order and instead filed the present Request on June 27, 2011. Petitioner states in his Supplemental Submission that dismissal without prejudice is warranted because "[h]e have [*sic*] been trying to secure counsel" but has been unable to do so at this point. Supplemental Submission at 1. While this is insufficient to preclude a

6

Accordingly, the Court now reviews the Report-Recommendation and Petitioner's Objections thereto. The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner has objected to the Magistrate Judge's dismissal of his claim that his naturalization plea should be granted. Pl.'s Obj. at 4, 6-8. The Court has reviewed these Objections and finds nothing in them beyond general objections and reiterations of his previous arguments. His attempts to distinguish his case from those cited in the Report-Recommendation fail, as they consist only of reiterations of his prior military service of which the Court is already aware. See Pl.'s Obj. at 6-8. Moreover, Petitioner's insistence that the Magistrate Judge failed to address specific documents relating to Petitioner's military service serves no purpose. As the Magistrate Judge made clear in the Report-Recommendation, "[E]ven construing all of Toolasprashad's accolades and community service in the light most favorable to his case, he cannot overcome the bar to good moral

---

finding that dismissal with prejudice is warranted with respect to most of Petitioner's claims, the Court notes that should Petitioner eventually secure counsel, he will still be able to bring a challenge to his detainer as provided in this Order.

7

character that his conviction and subsequent incarceration imposed." Report-Rec. at 11; see also Marquez-Almanzar v. Immigration & Naturalization Serv., 418 F.3d 210, 216-19 (2d Cir. 2005) (holding that a showing of "permanent allegiance" to the United States, specifically through an oath of military service, is insufficient to confer non-citizen national status). Reviewing the Report-Recommendation's finding on this issue for clear error, Farid, 554 F. Supp. 2d at 307, the Court finds none and adopts it accordingly.

The Court further considers *de novo* and rejects Petitioner's contention that the Report-Recommendation erred in finding that, under the REAL ID Act of 2005, the Court lacks jurisdiction to review decisions relating to the Government's initiation of removal proceedings against him. See Pl.'s Obj. at 9; Report-Rec. at 14. Petitioner's argument that the REAL ID Act does not apply to him because his conviction occurred before its enactment evinces a misunderstanding of the nature of the REAL ID Act. The date of Petitioner's conviction is irrelevant for purposes of applying the REAL ID Act; rather, the act applies to habeas corpus petitions that were filed after its enactment in 2005, a category that includes Toolasprashad's Petition filed on August 31, 2010. Dkt. No. 1. Accordingly, the Court also adopts the Report-Recommendation's findings that the issue of removal is not ripe in this case until a final order of removal is issued, and, if such order is issued, Petitioner must seek review from the Court of Appeals for the Second Circuit rather than from this Court. Report-Rec. at 14-15.

Finally, Petitioner argues that the Report-Recommendation erred in denying his Motion for a hearing on bail (Dkt. No. 31) because he "is in-custody [*sic*] of INS and could have been released November 15, 2010, but the detainer stopped same." Pl.'s Obj. at 9. This objection is nothing more than a reiteration of his original argument, and the Court has accordingly reviewed the relevant

portions of the Report-Recommendation only for clear error. Dkt. No. 31 at 1; <u>Farid</u>, 554 F. Supp. 2d at 307. Having found none, the Court therefore also adopts this portion of the Report-Recommendation and denies Petitioner's Motion for a bail hearing.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Toolasprashad's Petition (Dkt. No. 1) is **DISMISSED without prejudice** with respect to his claim seeking review of his detention by the Bureau of Immigration & Customs Enforcement; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 32) is **APPROVED** and **ADOPTED** with respect to all other findings therein; and it is further

**ORDERED**, that Respondent's Motion to dismiss (Dkt. No. 20) is **GRANTED** with respect to Petitioner's claims seeking review of his petition for naturalization and his removal proceedings; and it is further

**ORDERED**, that Petitioner is given leave to file an amended petition in accordance with the above **within thirty (30) days** of the filing date of this Order; and it is further

**ORDERED**, that if Petitioner does not file an amended petition **within thirty (30) days** of the filing date of this Order, this action shall be dismissed without prejudice without further order of this Court; and it is further

**ORDERED**, that Petitioner's Motion for a bail hearing (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     July 26, 2011
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

10